STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED

June 23, 2021

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Respondent, Plaintiff Below**

**vs.)  No. 18-0479** (Summers County 13-F-4)

**Keith D.,**
**Petitioner, Defendant Below**

## MEMORANDUM DECISION

Petitioner Keith D., a self-represented litigant, appeals the order of the Circuit Court of Summers County, entered on April 27, 2018, sentencing petitioner to a term of imprisonment for life, with mercy, upon his recidivist conviction subsequent to his conviction for possession of a firearm by a prohibited person. Respondent State of West Virginia appears by counsel Patrick Morissey and Caleb A. Ellis.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was tried by a jury and convicted of one count of possession of a firearm by a prohibited person (W. Va. § 61-7-7(b)(1)) in the Circuit Court of Summers County in 2018 (after being retried as directed by the circuit court's granting of a petition for habeas corpus) for an event occurring six years earlier, when police officers responded to a report of child abuse in petitioner's home and discovered that petitioner had possession of a .22 rifle. Petitioner was subsequently adjudged guilty in a recidivist trial based on his prior convictions of grand larceny and voluntary manslaughter, and he was sentenced to imprisonment for a term of life.

On appeal, petitioner asserts six assignments of error with respect to his conviction and sentence. He argues that 1) the circuit court erred in denying his motion for a new recidivist trial, based on his assertion that the circuit court informed the jury of his prior convictions during his recidivist trial; 2) the circuit court erred in denying his motion for judgment of acquittal during his recidivist trial because the State failed to prove that he was convicted of prior felonies; 3) his sentence is constitutionally disproportionate; 4) the circuit court erred in denying his motion for a new trial on the underlying penitentiary offense after a juror failed to disclose that he knew

1

petitioner's family; 5) his conviction places him in double jeopardy because he already served a term of imprisonment for his conviction of being a prohibited person in possession of a firearm; and 6) the circuit court erred in refusing to enforce a plea bargain.[1]

Two of petitioner's assignments of error—the first and the fourth—concern the circuit court's denial of his motion for a new trial, filed more than a month after the jury rendered its verdict.

> "In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review." Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Syl. Pt. 1, *State v. Jenner*, 236 W. Va. 406, 780 S.E.2d 762 (2015).

We agree with the State that petitioner's motion for a new trial was untimely because, in this instance, Rule 33 of the West Virginia Rules of Criminal Procedure required that petitioner file his motion for a new trial within ten days after the jury's finding of guilt. We further note that petitioner has offered no citation to the record on appeal to demonstrate that the issues on which his motion for a new trial were based were raised with the trial court. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that the argument section of the petitioner's brief "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Moreover, petitioner has not asserted how he believes he was prejudiced by the jurors' failure to acknowledge any relationship or otherwise offer evidence demonstrating prejudice. These several omissions render these assignments of error unsuitable for appellate review.

Petitioner's second assignment of error challenges the circuit court's denial of the motion for a judgment of acquittal he made during his recidivist proceedings. Petitioner based his motion on his contention that the State failed to prove that he was previously convicted of grand larceny. The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence. *State v. LaRock*, 196 W. Va. 294, 304, 470 S.E.2d 613, 623 (1996). We are satisfied with the circuit court's explanation in denying petitioner's motion that the State offered self-authenticating records establishing the grand larceny conviction and, accordingly, find no error.

In his third assignment of error, petitioner argues that his recidivist sentence of imprisonment for a term of life violates the proportionality principle of the West Virginia

---

[1] The first four assignments of error were presented by petitioner's counsel, who has since withdrawn his representation. The final two were presented in petitioner's supplemental pro se filing.

Constitution[2] inasmuch as his penitentiary offense (being a prohibited person in possession of a firearm) and one of his predicate offenses (grand larceny) are not "crimes of violence" that trigger application of the recidivist statute. We have explained:

> "The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5 [of the West Virginia Constitution], will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute." Syllabus Point 7, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981).

Syl. Pt. 8, *State v. Norwood*, 242 W. Va. 149, 832 S.E.2d 75 (2019), *cert. denied sub nom. Norwood v. West Virginia*, -- U.S. --, 140 S. Ct. 1297, 206 L. Ed. 2d 376 (2020). In *Norwood*, we explained that the inherent threat of violence in certain offenses is sufficient to justify application of the recidivist statute. *Id*. at 158, 832 S.E.2d at 84. We have since found that possession of a firearm by a prohibited person carries the inherent threat of violence. *See State v. Gaskins*, No. 18-0575, 2020 WL 3469894 (W. Va. June 25, 2020) (memorandum decision), *cert. denied sub nom. Gaskins v. West Virginia*, No. 20-7505, 2021 WL 1602710 (U.S. Apr. 26, 2021). Similarly, we have upheld a recidivist conviction after considering the inherent threat of violence in grand larceny. *See State v. Blackburn*, No. 19-0962, 2021 WL 1232088 (W. Va. Mar. 2, 2021) (memorandum decision). We find, therefore, that the offenses of being a prohibited person in possession of a firearm and grand larceny are both crimes of violence that trigger application of the recidivist statute. Accordingly, petitioner's sentence does not violate the proportionality principle.

Petitioner's fifth assignment of error argues that he is subject to double jeopardy because the circuit court sentenced him to serve a penitentiary sentence that he previously discharged, and his sixth assignment of error asserts that the circuit court erred in refusing to enforce a plea agreement he entered into with the State. Petitioner has failed to demonstrate "when and how the issues in the assignments of error were presented to the lower tribunal" as required by Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, and has further failed to meaningfully explain the factual basis for these claims. We, therefore, will not undertake a review of the same.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 23, 2021

---

[2] Article III, section 5 of the West Virginia Constitution provides, in part: "Penalties shall be proportioned to the character and degree of the offence."

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice William R. Wooton